**David Charles KELLER, Plaintiff—Appellant,**

v.

**R. MEYERS; et al., Defendants— Appellees.**

No. 04–56228.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

David Charles Keller, Hutchinson, KS, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicholas N. Paul, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

David Charles Keller, a former California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment for defendants because Keller failed to raise a genuine issue of material fact as to whether the defendants' refusal to exempt him from all work assignments constituted deliberate indifference to his medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (prison officials can only be held liable where an inmate can show that officials knew of and consciously disregarded an excessive risk to prisoner's health). The record indicates that Keller was evaluated by medical staff who were aware of Keller's prior back injury, and the staff determined that Keller was capable of work with certain bending and lifting restrictions, and the work

assigned to Keller did not violate these restrictions. *See id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

